UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE MALKI,

    Plaintiff,

v.                                          Case No:   6:18-cv-848-Orl-41TBS

THE WALT DISNEY COMPANY,
DISNEY ENTERPRISES, INC., PIXAR,
IUNIVERSE, DISNEY SHOPPING,
DISNEY CONSUMER PRODUCTS,
DISNEY INTERACTIVE STUDIOS and
DOES 1-25,

    Defendants.

## ORDER

    Attorney Bridget L. Fields' Unopposed Motion for Leave to Withdraw as Counsel for George Malki (Doc. 10), is **GRANTED**, Ms. Fields is **TERMINATED** as counsel for Plaintiff and the Clerk shall **REMOVE** her name from the CM/ECF service list.

    Plaintiff George Malki is now representing himself, and can be served with papers and pleadings at 1038 Henley Downs Place, Lake Mary, Florida 32746. He can also be contacted at 407-712-3865 and gmalki@cfl.rr.com. If Mr. Malki's address or other contact information changes, it is his responsibility to notify the Court and all counsel in writing of the change, within seven days after the change is made.

    Because Mr. Malki is now representing himself, the Court will take the opportunity to inform him of some, but not all, of the procedural rules with which he must comply. The Court reminds Mr. Malki of these obligations because pro se litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, and the Local Rules of the United States District

Court for the Middle District of Florida ("Local Rule(s)").[1] Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Mr. Malki shall not correspond with the Court or any judge or magistrate judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party. All documents filed with the Court must be in the form of a pleading, see FED. R. CIV. P. 7(a), or a motion, see FED. R. CIV. P. 7(b). Each pleading, motion, notice, or other paper shall be presented in a separate document. In addition, all documents filed with the Court by Mr. Malki must include a caption (the same as is set forth on this Order); a brief title that describes the nature of the document; the filing party's name and signature; and a certificate of service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Mr. Malki must bear his original signature or they will be rejected by the Court. Among other things, the signature serves as the party's certification, pursuant to Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the

---

[1] All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida. The Local Rules are available for review on the Court's website at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

allegations or assertions made. Mr. Malki is advised to review and become familiar with Rule 11, as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court by Mr. Malki must also Include a signed certificate of service. The certificate of service is confirmation that the filing party has complied with the requirement of Rule 5 by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a certificate of service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

All requests for relief from, or action by, the Court must be in the form of a motion. See FED. R. CIV. P. 7(b). If Mr. Malki seeks any relief from, or action by the Court, or seeks the entry of an order of any kind, he must file a proper motion requesting that relief. The motion must meet the requirements of the Federal Rules of Civil Procedure and the Court's Local Rules. All motions must include a legal memorandum with citation of authorities in support of the relief requested. See Local Rule 3.01(a). Note that the motion cannot exceed twenty-five (25) pages in length. See id.

Prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Mr. Malki must include a certification in his motions that he has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested. Local Rule 3.01 also sets forth several other important requirements and rules governing motions filed with the Court. Failure to comply with these requirements or any other

- 3 -

...

rule may result in the denial of the motion.

Mr. Malki is cautioned that he must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including the striking of pleadings.

Local Rule 3.01(b) requires that any brief or legal memorandum in opposition to a motion must be filed within 14 days after being served with that motion by opposing counsel. Mr. Malki must timely respond to the motions filed by other parties in this case, for if he does not timely respond to such a motion, the Court may assume that he does not oppose that motion and the relief requested therein. If Mr. Malki has missed a filing deadline he must file a motion seeking leave of Court to file his paper out-of-time.

Although he is now proceeding pro se, Mr. Malki is not relieved of all of the obligations that rest upon an attorney. There are still many requirements with which he must comply, including those imposed by the Rules and the Local Rules. Mr. Malki cautioned that the failure to comply with these requirements and obligations can have significant consequences. For example, failure to respond to discovery requests as described in the rules may result in sanctions. See FED. R. CIV. P. 37.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Defendant's duties and obligations in litigating this case. Mr. Malki is referred to the Court's website at http://www.flmd.uscourts.gov. There is a section on proceeding without a lawyer which contains additional helpful information.

Mr. Malki shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure and the Local Rules of the United States District Court

for the Middle District of Florida, and any applicable statutes and regulations.

Within 10 days, Ms. Fields shall serve a copy of this Order on Mr. Malki by personal service or certified mail. Ms. Fields shall then file a certificate of service showing the date this Order was served on Mr. Malki if served personally, or a return receipt if served by mail.

**DONE** and **ORDERED** in Orlando, Florida on June 25, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties